UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARIANNE VAN METER | * | CIVIL ACTION |
| versus | * | NO. 06-7826 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | * | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiffs' motion to remand.  For the reasons that follow, the motion is GRANTED.

Background

The Van Meters' property in Metairie, Louisiana was damaged by Hurricane Katrina.  They had a homeowners and standard flood insurance policy from State Farm through insurance agent Randy Juge.  The flood insurance policy was a Write-Your-Own (WYO) policy, underwritten through the National Flood Insurance Program (NFIP) operated by FEMA.  The policies were issued in 1992 and renewed each year, but the Van Meters had spoken to Juge to request changes in their coverage in March and April of 2005.  After the storm, they filed claims under their homeowners and flood insurance policies, but State Farm did not pay their claims in full.

The Van Meters sued Juge, State Farm, and two individual contractors who performed repair work on their home.  They seek a declaratory judgment and damages, saying that they are entitled to

1

payment under their insurance policy for hurricane-related damages to their home that State Farm has refused to pay.  They accuse Juge of negligence and breach of fiduciary duty in the procurement of insurance, including failing to secure the insurance requested as late as March and April 2005.

State Farm removed the case to this Court on October 11, 2006, invoking this Court's original federal question jurisdiction, arguing that Congress gave federal courts exclusive jurisdiction over lawsuits arising under the NFIP.  Alternatively, State Farm argues that this Court has diversity jurisdiction under  28 U.S.C. §1332, contending that Court should disregard the citizenship of the three local defendants because they were allegedly improperly joined.[1]  Plaintiffs now move to remand.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7,

---

[1] In its Notice of Removal, State Farm also invokes this Court's jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442.

2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006). The jurisdiction granted by Congress in the legislation establishing the NFIP and FEMA's recent interpretations of the scope of the NFIP has also been resolved. See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Newman v. Allstate Ins. Co., 2006 WL 2632116 (E.D. La. Sept. 12, 2006)(Feldman, J.); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La. July 26, 2006)(Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.); Sullivan v. State Farm and Casualty Co., et al., 2006 WL 3332832 (E.D. La. Nov. 14, 2006) (Africk, J.).

This case is no different. Similar to the plaintiff's case in Landry,

> "[t]he case at hand is a cause of action for errors and omissions of State Farm's agent relating to his alleged failure to obtain ... coverage for Plaintiff's home. State Farm's liability arises through that agent and his extra-contractual duty of reasonable diligence; therefore, the Plaintiff's claims do not result from, relate to, or arise from State Farm's compliance with FEMA regulations under an NFIP policy."

The plaintiffs assert that State Farm's failure to pay pursuant to their homeowners policy is at issue. They say they relied on Juge, who allegedly gave bad advice and failed to procure requested insurance, despite their conferences with him in March and April

2005.  State Farm insists that the Court should presume that the plaintiffs assert claims under both their homeowners and flood policy.  However, the plain language of the plaintiffs' complaint raises no issues as to how their flood claim was handled; State Farm fails to convince the Court that the plaintiffs' claims arise from State Farm's compliance with FEMA regulations under an NFIP policy.  Rather, the plaintiffs' claims relate to asserted errors or omissions in the procurement of their policies.[2]  No federal question is raised.

Likewise, State Farm fails to discharge its heavy burden to convince the Court that local defendant Randy Juge was improperly joined.  Given the legal duties of agents outlined in recent Orders of all Sections of this Court, the Court finds that State Farm has not met its burden in proving that the plaintiffs have no possibility of recovery against Randy Juge under Louisiana

---

[2] Also, though it omits any substantive argument in its 25-page opposition brief, State Farm also fails to show that federal jurisdiction is proper under the Federal Officer Removal Statute, 28 U.S.C. § 1442.  State Farm contends that it is FEMA's fiscal intermediary and therefore removal under this statute is appropriate.  But State Farm merely recites authority for the general proposition that federal regulations govern flood insurance. This falls short of establishing that it acted pursuant to a federal officer's directions and that a causal nexus exists between its actions under color of federal office and the Van Meters' claims.  See Rizzuto v. Tully, et al., 2006 WL 3332832, at *5 (E.D. La. Nov. 14, 2006) (Africk, J.) (citing Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387 (5th Cir. 1998)).

state law.[3]  Thus, complete diversity is lacking.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to the 24th Judicial District for the Parish of Jefferson.

New Orleans, Louisiana, January 5, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] As for State Farm's peremption argument, the plaintiffs allege that Juge disregarded their further requests for additional insurance in March and April 2005.  Juge concedes discussing insurance coverage with the plaintiffs at that time, but he says that the plaintiffs requested a reduction in their homeowners policy coverage and also asked about additional flood coverage. Based on the allegations of the state court petition and the state of the record, State Farm has failed to discharge its heavy burden to show that Juge was improperly joined.  Because State Farm has not shown that Juge was improperly joined, the Court need not reach the improper joinder inquiry for the two local contractors.